UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
HAKEEM WILLIAMS,

                      Plaintiff,

    -against-

CITY OF NEW YORK, THOMAS FUSCO, Individually,
DANIEL BARRETO, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                      Defendants,

------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

*[Stamps: SUMMONS ISSUED; CV 12 5443; MAUSKOPF, J.; POLLAK; U.S. DISTRICT COURT EASTERN DISTRICT NEW YORK 2012 NOV -2 PM 3:21 FILED CLERK]*

Plaintiff HAKEEM WILLIAMS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff HAKEEM WILLIAMS is a twenty-three year old African American man residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, THOMAS FUSCO, DANIEL BARRETO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12. On November 3, 2009, at approximately 10:00 p.m., plaintiff HAKEEM WILLIAMS was a lawful pedestrian in the vicinity of Van Siclen Avenue and New Lots Avenue, Brooklyn, New York.

13. At the aforesaid time and place, the defendants unlawfully stopped, detained, and assaulted plaintiff

14. The defendant officers assaulted and battered plaintiff by striking plaintiff in his mouth and face with a hard object, repeatedly striking him on his head, and stepping on his face.

15. The officers then handcuffed plaintiff, and struck plaintiff in the back of his head while he was handcuffed.

16. Thereafter, NYPD officers transported plaintiff to a police precinct and imprisoned him therein despite his physical injuries and obvious need for medical attention.

17. After a period of time, the defendant officers caused plaintiff to be transported to Brookdale Hospital.

18. After receiving treatment, the defendants continued to imprison plaintiff until his arraignment on baseless charges filed in Kings County Criminal Court under docket number 2009KN08873; said charges having been filed based on the false allegations of defendants THOMAS FUSCO and DANIEL BARRETO.

19. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority and use of excessive force.

20. As a result of the defendants' false statements, the judge who presided over

plaintiff's arraignment set bail on plaintiff's case, causing him to be incarcerated at Rikers Island for approximately two days, until plaintiff was released after the posting of his bail.

21. Plaintiff was thereafter compelled to return to court on numerous occasions, until on September 19, 2012 all the purported charges levied against plaintiff based on the false allegations of the defendants were dismissed in Kings County Criminal Court.

22. The defendant NYPD officers either directly participated in or failed to intervene in the illegal conduct described herein.

23. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

24. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the authority to stop, search, and arrest; the excessive use of force; and that said officers otherwise engage in a practice of falsification.

25. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

26. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

4

maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27. As a result of the foregoing, plaintiff HAKEEM WILLIAMS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff HAKEEM WILLIAMS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. As a result of the foregoing, plaintiff HAKEEM WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants arrested plaintiff HAKEEM WILLIAMS, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

37. Defendants caused plaintiff HAKEEM WILLIAMS, to be falsely arrested and unlawfully imprisoned.

38. As a result of the foregoing, plaintiff HAKEEM WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff HAKEEM WILLIAMS' constitutional rights.

41. As a result of the aforementioned conduct of defendants, plaintiff HAKEEM WILLIAMS was subjected to excessive force and sustained physical injuries and emotional distress.

42. As a result of the foregoing, plaintiff HAKEEM WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants maliciously issued criminal process against plaintiff by causing him to be arraigned and prosecuted in a Criminal Court.

45. Defendants caused plaintiff HAKEEM WILLIAMS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

46. As a result of the foregoing, plaintiff HAKEEM WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

49. Defendants caused plaintiff HAKEEM WILLIAMS to be prosecuted without any probable cause until the charges were dismissed on September 19, 2012.

50. As a result of the foregoing, plaintiff HAKEEM WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The defendants falsely arrested and maliciously prosecuted plaintiff HAKEEM WILLIAMS because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

53. As a result of the foregoing, plaintiff HAKEEM WILLIAMS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

54. As a result of the foregoing, plaintiff HAKEEM WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants had an affirmative duty to intervene on behalf of plaintiff HAKEEM WILLIAMS, whose constitutional rights were being violated in their presence by other officers.

57. The defendants failed to intervene to prevent the unlawful conduct described herein.

58. As a result of the foregoing, plaintiff HAKEEM WILLIAMS was subjected to false arrest, his liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to excessive force, he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

59. As a result of the foregoing, plaintiff HAKEEM WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

62. As a result of the foregoing, plaintiff HAKEEM WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to: stopping, detaining, and searching individuals without reasonable suspicion; subjecting individuals to excessive force, and; arresting citizens without probable causes and then committing perjury and/or manufacturing evidence in an effort to convict such individuals and cover up for the abuse of authority.

66. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff HAKEEM WILLIAMS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct

complained of herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff HAKEEM WILLIAMS.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff HAKEEM WILLIAMS, as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff HAKEEM WILLIAMS, as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff HAKEEM WILLIAMS was unlawfully seized, detained, incarcerated, searched, and prosecuted.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff HAKEEM WILLIAMS' constitutional rights.

72. All of the foregoing acts by defendants deprived plaintiff HAKEEM WILLIAMS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process and/or malicious prosecution;

D. To be free from false imprisonment/arrest;

E. To receive equal protection under law;

F. To be free from the failure to intervene.

73. As a result of the foregoing, plaintiff HAKEEM WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff HAKEEM WILLIAMS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 2, 2012

                                      LEVENTHAL & KLEIN, LLP
                                      Attorneys for Plaintiff HAKEEM WILLIAMS
                                      45 Main Street, Suite 230
                                      Brooklyn, New York 11201
                                      (718) 722-4100

                              By: _____
                                      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

HAKEEM WILLIAMS,

                                  Plaintiff,

                                                                          Docket No.

      -against-

CITY OF NEW YORK, THOMAS FUSCO, Individually,
DANIEL BARRETO, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                  Defendants.

------------------------------------------------------------------------X


## COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100